OPINION
The appellant, Jeffrey L. Wobbler ("appellant"), appeals his conviction by the Putnam County Court of Common Pleas, finding him guilty of one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4). For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
The relevant facts and procedural history are as follows: On the evening of August 31, 2000, the appellant was drinking at a Putnam County bar known as Wannemakers. At some point, he decided that he was too intoxicated to drive home, so he asked the bartender, Stephanie Brinkman, if he could spend the night at her home, which apparently was located nearby. Evidently, the appellant was a friend of Ms. Brinkman and, thus, she acquiesced to let him stay overnight.
When the appellant arrived at Ms. Brinkman's home, the only individuals in the house were Ms. Brinkman's son and her twelve-year-old daughter, Alissa. The children were sleeping upstairs on the floor of Alissa's bedroom. Ms. Brinkman was still at work, as was her fiancé.
The facts in this case are largely disputed. According to the appellant's version of the facts, he was disturbed by a noise upstairs while he was dozing on the couch. Although he ignored the commotion at first, upon hearing it the second time he decided to investigate. The upstairs was only dimly lit. The appellant claimed at trial that while he was searching for a light, he tripped over the children and fell on top of them. Alissa alleged that she awoke to find the appellant with his hand on her genitals. The appellant then stumbled out of the room and back downstairs to the couch. Terrified, Alissa called her mother at work and, eventually, the police were called to the scene.
The appellant was convicted by a jury of one count of gross sexual imposition. He was adjudicated a sexually oriented offender and sentenced to four years in prison.
The appellant now appeals, asserting five assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred when it denied Appellant's motion for a mistrial.
The appellant asserts that the trial court erred by denying his motion for a mistrial after a witness mentioned that the appellant submitted to a polygraph test. According to the appellant, he was denied the right to a fair trial as a result of the trial court's ruling. For the following reasons, the appellant's argument is not well-taken.
In Ohio, the results of a polygraph examination are admissible as evidence in a criminal trial for purposes of corroboration or impeachment only when the prosecution and defense stipulate to their admissibility.[1] In the instant case, the trial court entered a judgment entry ordering that the state make no reference to the polygraph examination administered to the defendant. The state was asked to inform its witnesses accordingly.
Despite that admonishment, the following transpired on cross-examination of the state's witness, Officer Michael Chandler:
 Q. Do you know whether or not he [appellant] made any other statements to the police?
A. He had been interviewed by Deputy Westrick.
Q. He had been interviewed?
A. Yes.
Q. Have you read those statements?
A. There was no written statement from that.
 Q. There are no other written statements given to the police that you are aware of?
 A. No to Deputy Westrick, no. There was a statement that he had given to Steve Stechschulte with BCI after he had been polygraphed. And he may have . . .
 THE COURT: There is no question to you at this time. Counsel would approach.
After an extensive discussion out of the presence of the jury and another discussion in chambers, the trial court overruled the motion for a mistrial, struck from the record the testimony that referred to the polygraph, and instructed the jury to disregard the testimony. The trial court's rational behind denying the motion for a mistrial was that the improper testimony was given in response to a question by the defense counsel.
The appellant cites to State v. Smith,[2] which stands for the proposition that "[t]he admission of testimony at trial of a criminal case relating to the submission of the accused to a lie detector test, even though the results thereof are not disclosed, constitutes prejudicial error."[3]
We find State v. Latina[4] to be more on point here. That case also involved testimony elicited on cross-examination of a state witness wherein it was revealed that the defendant had not submitted to a polygraph examination. Although the Latina court conceded that the witness' conduct was improper, it found that it had not prejudiced the trial enough to deprive the appellant of due process of law. As was the case in Latina, the trial court in the instant case instructed the jury to disregard the testimony. Furthermore, given the context, the witness' reference does not appear to have been a deliberate attempt to influence the jury. Thus, we find that the trial court's instructions were adequate to protect the appellant's right to a fair trial.
Accordingly, the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred when it prohibited Appellant from introducing evidence of innocence.
The appellant asserts that the trial court improperly denied his request to present tape recorded evidence from an anonymous caller, who claimed to be the true perpetrator of the acts of which appellant was accused. According to the appellant, this evidence is admissible pursuant to 804(B)(3) of the Ohio Rules of Evidence, which provides for the introduction of evidence that would otherwise be excluded as hearsay when the declarant is unavailable and the statement was against the declarant's interest at the time it was made. For the following reasons, we are not persuaded by the appellant's argument.
We note at the outset that the decision to admit or exclude evidence is left to the sound discretion of the trial court.[5] Accordingly, we will not reverse such a decision unless an abuse of discretion has been demonstrated. An abuse of discretion is a decision of the trial court that can be characterized as arbitrary, unreasonable, or unconscionable.[6]
Ohio evidence rule 804(B)(3) states as follows:
 Statement against interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
The statements at issue here clearly implicated the caller as the real perpetrator of the crime of which the appellant was accused, thus exposing the caller to criminal liability. A review of the transcript reveals that the trial court denied the appellant's motion to admit the evidence because it found insufficient corroborating circumstances to indicate that the self-incriminating statements made by the caller were trustworthy. Specifically, the court was concerned that the caller could have been working with the appellant, who might have been feeding him information and coaching him regarding the calls.
A review of the record indicates that none of the calls, save one that was made from a payphone, was traceable. The caller never revealed his identity nor gave any indication as to who he was. The trial court specifically asked defense counsel to indicate circumstances that showed the trustworthiness of the statements. The defense's only response was that the statements corroborated the defendant's and, to some degree, the victim's versions of events. Thus, we find that the trial court properly excluded the anonymous statements, because there was insufficient evidence to clearly indicate that they were trustworthy.
Accordingly, the appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The jury's verdict was against the manifest weight of the evidence.
The appellant asserts in this assignment of error that the jury's verdict against him was contrary to the manifest weight of the evidence presented at trial. For the following reasons, we find this assertion to be without merit.
In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[7] Weight of the evidence concerns the "inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."[8] Appellate courts reverse on the ground of manifest weight only in exceptional cases "where the evidence weighs heavily against the conviction."[9]
The evidence in this case consisted mainly of testimony. The version of events depicted by the alleged victim and the state's other witnesses, mainly police officers, conflicted with the appellant's testimony. Thus, the jury presumably reached its conclusion mainly by weighing the credibility of these various witnesses. We note that, as the trier of fact, the jury was clearly in the best position to perform this task, as it was able to evaluate the demeanor of each of the individuals while they were on the witness stand. Our review of the record reveals that the appellant changed his version of the events in question several times, as was revealed at trial through cross-examination. The appellant makes much of the fact that the victim did not immediately identify him as the perpetrator. However, several eye witnesses testified that, upon seeing the appellant for the first time after the incident took place, the victim became hysterical and refused to go near him. Based on all of this, we cannot say that the jury clearly lost its way when it found the appellant guilty or that the evidence weighed heavily against conviction.
Accordingly, the appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV Appellant was denied the right to effective assistance of counsel and he was prejudiced as a result.
The appellant contends that he was denied effective assistance of counsel on three grounds: counsel's failure to cross-examine witnesses regarding whether the door to the victim's home was open on the night of the incident; counsel's failure to introduce into evidence or discuss on cross-examination the clothing that the appellant was wearing on that night; and counsel's failure to produce the actual tape recordings of the anonymous caller, as opposed to transcripts of the calls. For the following reasons, we disagree with the appellant's assignment of error.
To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense.[10] In asserting his ineffective assistance of counsel claim, the appellant must overcome the presumption that a licensed attorney is competent and that his decisions constitute sound trial strategy.[11]
With regards to the appellant's first two claims of ineffective assistance of counsel, we note that an appellate court reviewing an ineffective assistance of counsel claim will not second-guess counsel's strategy in direct and cross-examination of witnesses.[12]
Furthermore, as we previously stated, debatable tactical decisions generally do not constitute a deprivation of effective counsel.[13] It seems that the appellant feels that his trial counsel should have attempted to show that another individual snuck into the victim's home and committed the crime. However, the appellant admitted at trial that he was upstairs in the children's bedroom and that he accidentally
touched at least one of the children. Therefore, it is clear to this Court that trial counsel chose not to pursue the aforementioned avenues because they were inconsistent with the theory of the case that the appellant himself promoted through his testimony. These decisions constituted tactical judgments on the part of the appellant's trial counsel and we decline to second-guess them.
We have already engaged in a thorough analysis regarding the trial court's decision to prohibit the introduction of any evidence relating to the anonymous telephone calls. As we noted previously, that decision was grounded in the fact that surrounding circumstances did not clearly raise an indicia of reliability regarding the tapes. It is hard to see how a proffer of the actual recordings, as opposed to transcripts of the recordings, would have alleviated this problem. Therefore, we find no ineffective assistance of counsel with regards to the decision to present a transcript of the tapes.
Accordingly, the appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. V The trial court erred when it imposed more than the minimum sentence.
In his final assignment of error, the appellant alleges that the trial court erred when sentencing him because it failed to make the necessary findings on the record before sentencing him to more than the minimum prison term.
An appellate court may vacate a sentence and remand the matter to the trial court for resentencing if it clearly and convincingly finds either that the record does not support the sentence imposed or that the sentence is otherwise contrary to law.[14]
R.C. 2929.14(B), which applies to sentencing offenders who have served no prior prison sentence, states:
 [I]f the offender previously has not served a prison term, the court shall impose the shortest prison term * * * unless the court finds on the record that the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson[15] the Supreme Court of Ohio addressed a trial court's obligations when imposing a sentence greater than the minimum sentence pursuant to R.C. 2929.14(B). The Court in Edmonson stated, in pertinent part, as follows:
 [U]nless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.[16]
Furthermore, this Court has repeatedly held that it is the trial court's findings under R.C. 2929.14 which, in effect, determine a particular sentence and that a sentence unsupported by such findings is both incomplete and invalid.[17] A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing.[18] Moreover, a mere recitation by the trial court that it has considered the matters required by the sentencing statutes will not suffice.[19]
The appellant was convicted of Gross Sexual Imposition, a third degree felony, which, pursuant to R.C. 2929.14(A)(3), permits the trial court to impose a definite prison term of one to five years. The record reveals that the appellant has never before served a prison term. Therefore, in order to sentence the appellant to four years in prison, the trial court was required to find that one or both of the statutory factors were met and to state its findings on the record.
The record in this case reveals that the judge did not make explicit reference to either of the required findings. Furthermore, it is impossible for us to determine whether the findings that the trial court did make were intended to refer to R.C. 2929.14(B). Although it is not necessary for the trial court to quote the statute verbatim, the findings must be specific enough so that we can reasonably infer that one or both of the factors therein have been met.
Accordingly, the appellant's fifth assignment of error is sustained.
Having found error prejudicial to the appellant herein, the particulars assigned and argued, we reverse in part the judgment of trial court and remand for further proceedings consistent with this opinion.
SHAW and BRYANT, JJ., concur.
[1] State v. Souel (1978), 53 Ohio St.2d 123, syllabus.
[2] (1960), 113 Ohio App. 461.
[3] Id. at syllabus.
[4] (1984), 13 Ohio App.3d 182.
[5] State v. Heinish (1990), 50 Ohio St.3d 231.
[6] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[7] State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
[8] Id.
[9] State v. Mendoza (March 31, 2000), Hancock App. No. 5-99-46, unreported, citing Thompkins, 78 Ohio St.3d at 389.
[10] State v. Clemons (1998), 82 Ohio St.3d 438, 449-50, citingStrickland v. Washington (1984), 466 U.S. 668, 687.
[11] Strickland, 466 U.S. at 689.
[12] State v. Gray (Mar. 28, 2000), Franklin App. No. 99AP-666, unreported, citing State v. Edwards (Feb. 17, 1998), Clermont App. No. CA97-04-035, unreported.
[13] State v. Philips (1995), 74 Ohio St.3d 72, 85.
[14] R.C. 2953.08(G)(1).
[15] (1999), 86 Ohio St.3d 324.
[16] Id. at 326.
[17] See, e.g., State v. Bonanno (June 24, 1999), Allen App. No. 1-98-59 and 1-98-60, unreported.
[18] Id.
[19] State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported.